IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROSALYN SANDERS,

    Plaintiff,

v.                                              CASE NO. 1:19-cv-210-AW-GRJ

ELIZABETH BROOME,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined at Lowell Correctional Institution in Ocala, Fla., initiated this case by filing a Motion for Appointment of Counsel, which the undersigned construed as a civil rights complaint because it referred to a claim of "First Amendment retaliation" that Plaintiff sought to raise. ECF No. 1. The Complaint is before the Court for screening.

The Complaint suffers from numerous defects. Plaintiff failed to use this Court's form for prisoner civil rights complaints. Pursuant to Northern District of Florida Local Rule 5.7(A), "the Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form." In addition to failing to use the Court's form, Plaintiff failed to either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper.

Pursuant to Local Rule 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid … unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]." Lastly, Plaintiff did not plead sufficient factual matter that, if accepted as true, would state a plausible First Amendment retaliation claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In light of these defects, on October 30, 2019, the Court ordered Plaintiff to file an amended complaint and either pay the filing fee or file a motion to proceed as a pauper by November 29, 2019. ECF No. 4. When Plaintiff failed to comply with the Court's initial order, the Court ordered her to show cause on or before January 9, 2020, as to why this case should not be dismissed for failure to prosecute. ECF No. 5. As of this date, Plaintiff has failed to respond.

Plaintiff's Complaint is due to be dismissed. Plaintiff has failed to comply with two court orders and, thus, appears to have abandoned the prosecution of this case. *See Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (holding a district court may *sua sponte* dismiss a case pursuant to Federal

Rule of Civil Procedure 41(b) when the plaintiff fails to prosecute or comply with a court order).

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED** for failure to prosecute and for failure to comply with a court order.

**IN CHAMBERS** this 21st day of January 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.